# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| BILLY MONROE HICKS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. CIV 08-228-RAW-SPS |
| JUSTIN JONES, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

On August 22, 2008, plaintiff filed identical motions for a preliminary injunction or temporary restraining order in this case and in his two other lawsuits before this court, *Hicks v. Sirmons*, No. CIV 07-238-JHP, and *Hicks v. Jones*, No. CIV 07-278-RAW. He alleges the defendants are trying to retaliate against him by removing him from protective custody, and the protective custody program at Oklahoma State Penitentiary may end. He asserts he intends to file another civil rights complaint on these issues, after he has exhausted his administrative remedies.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition); *accord Stewart v. United States*

*Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

Plaintiff alleges in his complaint that the defendants have not followed the Oklahoma Department of Corrections' master menu for inmates, and he has been served reduced portions of non-nutritious foods, causing him to be hungry, but to gain weight. In his motion for injunctive relief, however, he addresses the separate issue of his placement in protective custody and whether his facility will continue to place inmates in protective custody. Because he is seeking relief for claims beyond his complaint, the court cannot issue the requested preliminary injunction.

The object of a temporary restraining order is to preserve the status quo until the court has an opportunity to rule on an application for preliminary injunction. 13 James WM. Moore, *Moore's Federal Practice,* § 65.30 (3d ed. 2006). Because the court is adjudicating plaintiff's preliminary injunction request with this order, the court concludes that a temporary restraining order is not necessary. Therefore, plaintiff's application for a temporary restraining order also is denied.

**ACCORDINGLY,** plaintiff's motion for a preliminary injunction or temporary restraining order [Docket #35] is DENIED.

**IT IS SO ORDERED** this 2nd day of October 2008.

**Dated this 2nd Day of October 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma